Owen v. Slatter et al.

26 547
94 181

OWEN *vs.* SLATTER ET AL.

1. A sale of real estate by commissioners, under an order of the probate court, does not affect the widow's right of dower; and although the order was made on her application as administratrix, her failure to announce at the sale that the land was sold subject to her dower, does not estop her from asserting her claim.

2. The statutory jurisdiction conferred on the courts of probate, in the allotment of dower, does not take away the jurisdiction of chancery; and if the widow proceeds in equity for lands in which dower cannot be assigned by metes and bounds, she is not compelled to include in her application all the lands in the county in which she is entitled to dower.

3. In the computation of time under a statute, the settled practice in this State is, to include one day and exclude the other, unless the statute requires so many entire days to intervene; and therefore, under the act of 7th February, 1843, (Clay's Digest, p. 329, § 93,) which limits actions for the recovery of lands to ten years after the accrual of the cause of action, a suit commenced on the 7th February, 1853, is not barred.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. WADE KEYES.

THIS bill was filed by Mrs. Louisa S. Owen against Hope H. Slatter and Mrs. Ann P. Holly, on the 7th February, 1853, to obtain an assignment of her dower in certain city lots in Mobile, of which George W. Owen, her deceased husband, died seized and possessed, and which were sold on the 15th February, 1841, under an order of the Orphans' Court of Mobile, on the application of complainant as administratrix of her deceased husband; and at this sale E. Lockwood became the purchaser, and afterwards conveyed by deed to the defendants. The defendants, in their answers, set up the proceedings in the Orphans' Court in bar of the complainant's claim; insisting that there was no reservation of her dower at the time of the sale, and that they purchased without notice of her claim. They also pleaded the statute of limitations, and demurred to the bill for want of equity; and in their amended answers they allege, also, in bar of the relief sought by the bill, that said decedent died seized and possessed of other lands in this State than those described in the bill, and that complainant is entitled to dower in them.

On final hearing, the chancellor dismissed the bill, and his decree'is now assigned for error.

JOHN T. TAYLOR, for the appellant:

I. The statute of limitations is no bar to the action; because

1. The action for dower is not embraced in the general statute referred to.—Park on Dower, p. 11; Angell & Ames on Limitations, p. 379; Guthrie and Wife v. Owen's Heirs, 10 Yerg. 339; 1 Dev. & Bat. Law R. 213; 1 Dudley's (Ga.) R. 123; Wells v. Beall, 2 Gill & J. 468; Barnard v. Edwards, 4 N. H. 107.

2. But, if it were embraced, the time had not expired when the bill was filed. The filing of the bill was the commencement of the action.—1 Paige's Ch. R. 564; 1 Greenl. Ev., § 431. The act was passed on the 7th February, 1843, and the bill was filed on the 7th February, 1853; while the ten years prescribed by the statute did not expire until the 8th February, 1853.—Angell & Ames on Limitations, p. 50; Fairbanks v. Woods, 17 Wend. 329.

II. The complainant is not estopped from asserting her right, by her mere silence in not announcing it at the sale; because, 1st, the answers do not allege enough to make out an estoppel; and, 2d, because the purchaser at the sale bought only the interest of the heirs, and the law implies notice of the widow's right of dower unless it is announced that her dower is included in the sale.—2 Comstock's R. 245; 1 Selden's R. 401.

DANIEL CHANDLER and ROBT. H. SMITH, contra:

1. The answers (which are admitted to be true) allege, that "there was no reservation in the decree of any claim of dower, nor was there any at the sale; that the sale was made unconditionally, for a fair and adequate price; that defendant was ignorant of complainant's claim for dower, and had no knowledge or notice of the claim from any person, either at the time of his purchase, at the date of his deed, or when he paid the money"; and that "he had fully performed every act to complete the purchase, before he had any notice of complainant's claim, or any cause to suspect or believe that she had a claim." How then can it be contended that they

purchased with notice of the dower right? They believed they were getting a good title, and paid full value for it. Mrs. Owen knew this, and it was her duty to give notice of her claim; and her silence, under such circumstances, was a fraud upon the defendants, who are innocent purchasers, without notice, for valuable consideration.—1 Rand. 354; Sugden on Vendors, p. 762; 1 Rich. 222; 6 Johns. Ch. 200; 5 ib. 187; 1 Rich. 237; 5 Humph. 96; 1 Story's Eq. 375-80; 2 ib. 736. Mrs. Owen applied as administratrix for the sale of the land, instead of the negroes as the will directed; she obtained the order, sold the land, interposed no claim for dower, gave no notice of any claim; she received the proceeds, and enjoyed the property, and now demands dower in the only land that was sold. If she failed to retain the value of her dower out of the proceeds of the sale, or to apply for it, it was her own fault, and she can blame no one else. That she was entitled to compensation out of the proceeds of the sale, see 4 Paige's Ch. R. 97; 6 Johns. Ch. 200.

2. The statute (Clay's Dig., p. 173) evidently contemplates that the widow, when she claims dower, shall assert her claim at one and the same time to all the lands of which she is dowable; and even if the lands lie in different counties, she may embrace them in the same petition. Here she claims dower in but two lots only, while the answers show that she has other lands in her possession of which her husband died seized and possessed. Independently of the statute, it is the object of chancery to prevent a multiplicity of suits—a division of claims. If she has a right to dower in these other lands, she ought to have asserted it; and if she intends to abandon her claim to dower in the lands which were not sold, she ought certainly to abandon it in lands which she sold, and to which she induced the purchaser to believe he was getting a good title. "The widow's dower must be assigned her out of the whole inheritance, and not by piece-meal."—1 Pennington's (N. J.) R. 281.

3. The statute of limitations is a complete bar to the suit. It is an action for the recovery of lands, as she is put in possession on her dower being assigned; and is, therefore, within the statute.—6 Johns. Ch. 199. The suit was not commenced within ten years from the passage of the act of 1843: the ten

years expired the day before the bill was filed. To bring it within the ten years, the day on which the act was passed must be excluded from the computation; whereas a statute takes effect from the moment of its passage, and has relation to the first moment of that day, as divisions of a day are not allowed.—20 Vermont R. 654.

4. But if the statute is not applicable to claims for dower, equity will consider such a stale claim barred by analogy to the statute. Complainant has acquiesced in the sales for fourteen years,—has seen the property improve in value, and has enjoyed the advantages of the sale.—7 How. U. S. R. 234; 10 Ves. 453-67; Adams on Eq., m. p. 228; Jeremy's Eq., p. 46.

CHILTON, C. J.—1. The sale of the real estate, made under decree of the Probate Court, vests in the purchasers only the title which the ancestor had, and which upon his death descended upon his heirs-at-law. The widow's right to dower is unaffected by the sale, unless, indeed, she bars her right by some act which, in a court of equity, would constitute it a fraud in her to insist upon it.

The facts of the case before us do not make out such a bar. True, the widow in this case is administratrix; but the law prescribes her duties, and so long as she acts within the scope of those duties, it would be singular indeed that she should forfeit her rights as an individual, merely by reason of her having properly complied with the requirements of the law in her fiduciary character.

Such sales, when made by commissioners, are judicial in their character; and, like sales under execution, leave the widow's right to dower unaffected. The purchaser is supposed to examine the record, and to know what he is buying, and to purchase with a knowledge that the dower is yet an incumbrance upon the land. The maxim, "*caveat emptor*," applies; and if the purchaser blindly bids off the land without inquiring whether the widow has relinquished her dower, or consented to a sale of it, electing to take a share of the proceeds in lieu thereof, it is his folly, and he has no one to blame but himself.—Perkins' Ex'rs v. Winter's Heirs, 7 Ala. 855; Worthington v. McRoberts, 9 *ib.* 297. As to title sold, see Clay's Dig., p. 195-6, § 18.

Owen v. Slatter et al.

We are of opinion, therefore, that there was no fraud on the part of Mrs. Owen, in failing to announce at the sale that the land was sold subject to her dower ; neither is she estopped from setting up her claim to dower by reason of her silence. Whether, if she had sold the land in her fiduciary character, and executed a conveyance, her dower interest would not have passed thereby, is a question which may admit of discussion, and one which it is not our purpose now to decide, as the record before us does not involve it. The case of Shurtz v. Thomas, 8 Penn. State R. 359, goes greatly beyond this. There the conveyance, made under order of court, was by the widow—the administratrix—and purported to convey the estate of her husband and of her, the administratrix, since his decease :—*Held*, that the conveyance was to be referred to her office, and left her dower unaffected.

2. It is insisted for the defendant, that the statute contemplates the claim for dower shall be made in one application for all the lands which lie in the county, and that the widow cannot make a separate application for each tract. It may be, when the application is made under the statute to the Probate Court, that she would be confined to a single application ; but the statute was not intended to deprive the Chancery Court of its jurisdiction, as it is not taken away in terms. The rule is, that although the statute may confer jurisdiction upon another court, over subjects-matter of which the Chancery Court had jurisdiction, the jurisdiction of the latter court remains unimpaired, unless by the language of the statute they are forbidden to proceed in such cases. We entertain no doubt of the right of the complainant to proceed in equity, in the case before us ; the premises out of which dower is claimed being a city lot, on which there are improvements, and in which equitable dower (instead of one-third of the lands by metes and bounds) must usually be assigned.

3. It appears that the statute of limitations was passed on the 7th day of February, 1843, and this bill was filed on the 7th February, 1853. In our opinion, the ten years was not completed when the bill was filed. Whatever may be the English doctrine upon this subject, it is the practice of our court to include one day and exclude the other, except when the statute requires so many entire days to intervene,—in

which case, both are excluded.—See Garner & Neville v. Johnson, 22 Ala. 494-501. Such also appears to be the rule in New York:—Fairbanks v. Wood, 17 Wend. 329-331 ; Snyder v. Warren, 2 Cow. 518-521 ; *Ex parte* Dean, *ib.* 605-6, note *a;* see, also, Angell on Lim. 45 to 50, where the authorities are cited.

The decree of the chancellor is erroneous. Let it be reversed, and the cause remanded.