# Stoneking v. The State.

*Indictment for Murder.*

1. *Homicide; charge as to reasonable doubt.*—On a trial under an indictment for murder, a charge which instructs the jury that if they have a reasonable doubt as to whether the killing was done deliberately or premeditatively, they can not find the defendant guilty of murder in the first degree, and if they have a reasonable doubt as to whether the killing was done with malice, they can not find the defendant guilty of

[Stoneking v. The State.]

murder in either degree, but only manslaughter at most; and if, after considering all the evidence they have a reasonable doubt as to the defendant's guilt of manslaughter, then they should find the defendant not guilty of any offense, is a correct exposition of the law, and its refusal is error.

2. *Indictment; when objections to the grand jury not tenable.* Objections to an indictment, upon the ground that it was preferred by a grand jury which was not properly drawn, in that the jury commissioners before the jury box had been emptied by the drawing of jurors therefrom, emptied and then refilled it, that the order directing the emptying of the jury box was entered in the minutes of the court without being signed by the presiding judge, that the commissioners did not file a certified list in a sealed envelope in the office of the probate judge, and that the clerk's order to the sheriff to summon the jury did not contain the full name of one of the members, are unavailing in a motion to quash the indictment, or in a plea in abatement; since, under the statute, (Code of 1896, §5269; Code of 1886, §4445), the only available objection to an indictment for defect in the grand jury is, that the jurors were not drawn in the presence of the officers designated by law.

APPEAL from the Tuscaloosa Law and Equity Court. Tried before the HON. J. J. MAYFIELD.

The appellant, Alvin Stoneking, was tried under an indictment for murder, was convicted of murder in the second degree, and sentenced to the penitentiary for ten years. The defendant made a motion to strike the indictmnt from the file, and a motion to quash the indictment, and also filed pleas in abatement to the indictment. There were many grounds to the respective motions; the said grounds and the pleas in abatement being identical. The principal grounds of the motions and of the pleas may be summarized as follows: First. That the jury commissioners, before the jury box had been emptied by the drawing of jurors therefrom, emptied the box and refilled it. Second. That the order directing the emptying of the jury box was entered in the minutes of the court, which were not signed by the presiding judge of the court. Such order being authorized by Acts of Alabama, 1896-97, p. 1120. Third. That the commissioners did not file the certified list in a sealed envelope in the office of the judge of probate. Fourth. That the clerk's order to sheriff to summon

grand jury did not contain full name of B. M. Phifer. These several motions and pleas were overruled. It is not deemed necessary under the decision on the present appeal to set out the facts in detail. The principal question reviewed was the court's refusal to give the charge requested by the defendant, and this charge is copied in the opinion.

JONES & BROWN, for appellant.

WILLIAM C. FITTS, Attorney-General, and HENRY FITTS, for the State.—The motion to quash the indictment and the plea in abatement were properly sustained.—*Kitt v. State*, 117 Ala. 213; *Linehan v. State*, 113 Ala. 78; *Sampson v. State*, 107 Ala. 79; *Billingslea v. State*, 68 Ala. 486; *Murphy v. State*, 86 Ala. 46.

The court properly refused to give the charge requested by the defendant.—*Compton v. State*, 110 Ala. 35; *Hornsby v. State*, 94 Ala. 66; *Hadley v. State*, 55 Ala. 37; *Mitchell v. State*, 60 Ala. 28.

McCLELLAN, J.—The trial court refused to give the following charge requested by the defendant: "If the jury have a reasonable doubt as to whether the killing was done deliberately or as to whether it was done premeditatively then they can not find the defendant guilty of murder in the first degree, and if they have a reasonable doubt as to whether the killing was done in malice then they cannot find the defendant guilty of murder in either degree, but only of manslaughter at the most; and if after considering all the evidence the jury have a reasonable doubt as to the defendant's guilt of manslaughter, arising out of any part of the evidence, then they should find the defendant not guilty of any offense." This charge is a copy from a charge refused to the defendant in the case of *State v. Compton;* and on appeal in that case this court held the charge to be a sound exposition of the law, and that its refusal was error.—*Compton v. State*, 110 Ala. 24, 37, (10th charge). It is now insisted that the ruling in *Compton's Case* was itself erroneous, and that we should now overrule that case on this point, and hold the instruction to be bad. The argument is that the

charge is misleading in that it would require the jury to acquit upon a reasonable doubt of guilt of manslaughter alone, when notwithstanding such doubt they might still believe beyond a reasonable doubt that the defendant was guilty of murder. The argument is faulty upon two considerations. In the first place the charge must be taken in its entirety as it would have gone to the jury had it been given. So taken, its clear meaning is that if the jury have a reasonable doubt as to deliberation, premeditation and malice they shall then, and not till then, inquire as to manslaughter, and if upon this final inquiry they have a further reasonable doubt as to whether the circumstances of the killing showed the defendant to be guilty of manslaughter as that offense had been defined by the court, they should in this last event—having a reasonable doubt as to guilt of murder and of manslaughter—acquit him. And in the next place, the offense of manslaughter is necessarily embraced in the offense of murder; and a defendant who is not guilty of manslaughter is necessarily innocent of murder. So that to have a reasonable doubt of guilt of manslaughter is essentially to have a reasonble doubt of guilt of murder, and the jury could not have been *misled* by the instruction to an acquittal for murder on a reasonable doubt of manslaughter, since such reasonable doubt would have required an acquittal of all crime. The charge was not abstract. Its refusal was error for which the judgment must be reversed.

The questions sought to be raised by this record as to the legality of the grand jury which returned the indictment are not such as can be urged against an indictment under the statute. The objections taken do not go to the inquiry whether the grand jurors were drawn in the presence of the officers designated by law. Code of 1886, §4445; Code of 1896, §5269.

The questions presented by the motions to quash the venire of petit jurors for the trial of the case will not arise on another trial, and will not, therefore, be considered.

The numerous other exceptions reserved have been examined and found to be without merit.

Reversed and remanded.