# Foster *v.* The State, *ex rel.* Stanford *et al.*

*Quo Warranto.*

(Decided March 2nd, 1907. 43 So. Rep. 179.)

*Judges; Appointment; Election.*—A judge of probate was appointed by the Governor to fill a vacancy occurring by death of encumbent on May 6th, 1906. Held, that under the constitution,

[Foster v. The State, ex rel. Stanford, et al.]

and the rule of excluding the one day and including the other, the appointment was made more than six months prior to the election, and the vacancy was properly filled by election at the general election.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Quo warranto by the state, on the relation of J. N. Stanford and others, to try the title of J. F. Foster to the office of probate judge of Wilcox county. From a judgment ousting respondent, he appeals. Affirmed.

The probate judge of Wilcox county died May 6, 1906, and Foster was appointed in his stead. The general election for state and county officers next after the death of the probate judge came on November 6, 1906. This election was not held for the election of probate judges; they holding on until the general election in the year 1910. Standford and Foster ran in the primaries. Standford, receiving the higher vote, was declared the nominee, and at the general election held on November 6, 1906, was voted for and elected probate judge of Wilcox county. Foster declined to surrender the office, claiming that his appointment was within less than six months from the date of the next general election and that the vacancy occurred in the office less than six months next preceding the general election. Stanford brought quo warranto to try title to the office, and had judgment in the lower court, ousting Foster, who appeals.

A. D. PITTS, and DANIEL PARTRIDGE, JR., for appellant.—No brief came to the reporter.

MILLER & BONNER, and E. N. & P. E. JONES, and MALLORY & MALLORY, for appellee.—No brief came to the reporter.

TYSON, C. J.—This is an action in the nature of quo warranto, brought on the information of Jonathan N. Stanford for the purpose of trying the title of the respondent to the office of probate judge of Wilcox county, and also to have his alleged right to that office

adjudged. The respondent's right to the office, and, for that matter, that of the relator, depends solely upon the determination of the question whether six months had intervened between the occurrence of the vacancy created by the death of Judge Beck on the 6th day of May, 1906, and the general election held on the 6th day of November following. The constitutional provision conferring the right of appointment of the respondent to the office to fill the vacancy created by the death of Beck and fixing his term is in this language: "Vacancies in the office of any of the justices of the Supreme Court or judges who hold office by election, or chancellors of this state, shall be filled by appointment by the Governor. The appointee shall hold his office until the next general election for any state officer held at least six months after the vacancy occurs, and until his successor is elected and qualified; the successor chosen at such election shall hold office for the unexpired term and until his successor is elected and qualified." It is admitted that the word "months" means calendar months; and it cannot be seriously doubted that the words "at least six months" mean no more than six months. It will thus be seen that the right of the respective claimants to the office is dependent upon a mere computation of time. The contention of appellant, respondent below, seems to be that in making the computation we must exclude the day of Beck's death, to-wit, the 6th of May, and that, if this method of calculation is adopted, the six months did not expire until after the 6th of November, the day on which the election was held. That of the relator is that, as the vacancy occurred on the 6th of May and the governor could have filled the vacancy on that day, that day should not be excluded, and therefore the six months expired at midnight of November 5th; but, if this be not so, and the rule be adopted of excluding the first day and including the last, still the six months period between the occurrence of the vacancy and the election had elapsed.

We are of the opinion that the appellee's contention is the correct one. It is certainly in accord with the rule of computation which has obtained in this court

since the decision of *Garner v. Johnson*, 22 Ala. 494, in the year 1853. In that case the plaintiffs in error had sued out a writ of capias ad respondendum in assumpsit on the 15th day of October, 1851, against the defendant Johnson. This writ was served on the day of its issuance, and was returnable to the next term of the court, which convened on Monday, the 20th day of the same month. The defendant by plea sought to abate the writ, because not sued out five entire days before the day on which the term of the court commenced. The statute invoked in support of the plea required the writ to be executed at least five days before the return thereof. The court held the plea bad. It said, among other things: "The statute does not employ the term 'entire days,' but requires that the writ shall be executed at least five days before the return thereof; and if the writ be sued out within five days before the beginning of the term, it may be abated on plea of the defendant. Now, whatever may be the ruling of other courts in regard to the point involved in this plea, it has been the uniform practice in this state, so far as we are advised, in computing time which intervenes between the issue of the writ and the beginning of the term to which it is made returnable, to exclude one day and include the other. A writ issued and served on Wednesday, which is returnable to a term to commence on Monday, has been uniformly esteemed as well issued and properly returnable. Had the statute said it shall be issued five entire days before the first day of the term, we are not prepared to say but that the rule would be different." The rule here announced has been followed, and this case cited with approval, in *Allen v. Elliott*, 67 Ala. 432, and *Thower v. Brandon*, 89 Ala. 406, 7 South. 442. In *Bernstein v. Humes*, 60 Ala. 583, 31 Am. Rep. 52, this court, construing the statute suspending the statute of limitations from January 11, 1861, to September 21, 1865, using the common method of substraction, computed the time between the two dates to be 4 years, 8 months and 10 days. By the same method 6 months necessarily intervened between the 6th of May and the 6th of November. So, then, whether we include the

first day in the computation, or exclude it and include the last, the result will be the same; and in order to hold otherwise we must exclude the day on which the vacancy occurred and the day on which the election was held.

The question presented and decided in *Garner v. Johnson, supra,* seems to have arisen before the adoption of the statute now constituting section 11 of the Code of 1896, which fixes the rule of computation where "the time within which any act is provided by law to be done," and to have been based upon the common law. But, whether it was or not, we feel constrained to follow it as declaring the rule of computation at common law in this state. It is fair to presume that the framers of the Constitution had in mind the rule of computation as declared and applied in this decision and those following it, when they incorporated the provision under consideration into that instrument; and, unless there is something in the constitutional provision which would clearly indicate that a different rule of computation was intended than the one established by these decisions, the one so established and applied by them should be followed. It is clear that no such intention is expressed. To the contrary, in view of the dominant purpose of the provision to secure to the people the right to elect, rather than to secure to the appointee a definite and fixed term, which is merely secondary and subsidary, this purpose is certainly best conserved by the application of the rule as announced in *Garner v. Johnson, supra,* rather than the one which would defeat the right of election.

Affirmed. All the Justices concurring.