# Richter v. The State.

*Selling Intoxicating Liquors Without License.*

(Decided June 18, 1908. 47 South. 163.)

1._Courts; Special Term; Notice; Publication.—Construing together sections 11, 915 and 3043, Code 1896, a notice of a special term of court published in a newspaper issued on Jan. 4, 1908, calling the court to meet on Feb. 4, following, and the newspaper of date Jan. 3, was in fact distributed on Jan. 4, and the notice was kept in consecutive issues of the papers of the 3rd, 10th, 17th, 24th and 31st days of January, 1908, the notice was sufficient.

2. Time; Computation.—Under the rule that the first day is to be excluded and the last day included, and that the law takes no notice of fractions of a day, if the act for which the notice is published is performed at any time on the last day required, the notice is sufficient.

3. Courts; Special Terms; Irganization; Self Correcting Error; Amendment Nunc Pro Tunc.—When the date of making the order calling the court and the date given in making the order for sum-

moning the venire is taken into consideration, the error in inserting January in the place of February in the organization of the special term under the call, is a self correcting error, and may, therefore, be amended nunc pro tunc.

4. *Jury; Drawing; Quashing Venire.*—Unless the facts show fraud or some other reason mentioned by the statute, a motion to quash the venire of petit jurors because of the objection to the manner of drawing the same, is properly denied under sec. 4997, Code 1896.

5. *Same; Grand Jury.*—Under the express provision of section 5269, Code 1896, no objection can be taken to the grand jury venire except that the jurors were not drawn in the presence of the officers designated by law.

6. *Same; Evidence.*—On the issues of the validity of the drawing of the jury, it was competent to show that in making the drawing the object was to procure jurors from different parts of the county, and all over the county if possible.

7. *Intoxicating Liquors; Prohibitory Laws; Elections.*—Under the general prohibition laws ,Acts 1907, p. 71, 1st Special Session) the conditions as to the going into effect of the law on Jan. 1st, 1908, were satisfied by the holding of an election adopting the law, regardless of the validity of such election.

8. *Election; Local Option; Petition.*—The petition of the qualified voters requesting an election under the local option law may consist of various sheets of papers, identical in words, and signed by different persons, if together they make the aggregate number required.

9. *Same; Order for Election.*—Where the petitions were addressed to Robert I. Burke, Judge of the Probate Court, and the order calling the election was signed by Robert I. Burke, Judge of Probate, the fact that the caption of the order recited "State of Alabama, Cullman County, Probate Court," did not render the order objectionable as made by the probate court instead of by the probate judge as required by the local option law.

10. *Same; Motion; Orders; Signature.*—The fact that the judge also called himself the court did not make an order a court order when signed by the judge as judge.

11. *Same; Notice.*—When an order calling an election under the local option law was entered on Nov. 9, 1907, calling an election for Dec. 9, 1907, and the election was held on that day, it was a proper compliance with the requirements of the local option law that an election should not be held within less than thirty days after the time it was ordered. Acts 1907, p. 200.)

12. *Time; Computation; Days.*—Unless the words, "entire days" are used the rule is to exclude the 1st day and include the last day in a computation of a period of a certain number of days, prescribed by the statute, before a particular proceeding can be had.

13. *Intoxicating Liquors; Local Option; Taking Effect; Condition Precedent.*—The posting of a copy of the report of the election at the courthouse door is not a condition precedent to the taking effect of the local option law, notwithstanding the provision of section 8 thereof.

14. *Same; Violation; License.*—The fact that defendant had a license to sell liquor was no defense to a prosecution for selling such liquor after the taking effect in the county of the general prohibition law.

[Richter v. The State.]

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Al Richter was convicted of selling spirtuous, vinous or malt liquors without a license and contrary to law, and he appeals. Affirmed.

CABANISS & BOWIE, and GEORGE H. PARKER, for appellant.

ALEXANDER M. GARBER, Attorney-Geeneral, and J. B. BROWN, for the state.

SIMPSON, J.—The appellant in this case was convicted of the offense of selling spirituous, vinous, or malt liquors contrary to law in Cullman county. It is admitted that the liquor was sold, and that the probate judge had issued a license to the defendant.

The first contention of the appellant is that the law was not complied with in the calling of the special term of the court at which he was tried. The statute requires 30 days' notice of such special terms, etc., by advertisement in a newspaper, etc. Code 1896, § 915. It is admitted that the newspaper containing the notice was issued on January 4, 1908, and the court was called to meet on February 3, 1908. The record shows that the issue of the newspaper was dated January 3, and that it was in fact distributed through the mails on January 4, 1908, and the notice was kept up in consecutive issues of the paper, to wit, on the 3d, 10th, 17th, 24th, and 31st days of January, 1908. The rule of computation of time in this state is settled that the first day is excluded and the last day included (Code 1896, § 11), and it has been frequently held that the first day of the court is included in the 20 days required for the service of process.—*Garner v. Johnson*, 22 Ala. 494;

C 9

*Thrower v. Brandon,* 89 Ala. 406, 7 South. 442. The cases cited by counsel do not impinge upon this doctrine. When it is held that a decree pro confesso taken on the thirtieth day is a day too soon, it is the result of the same principle, to wit, that the law makes no note of fraction of a day. Any moment on that day is 30 days, and the defendant had every moment of that day within which to answer.—*Madden v. Floyd,* 69 Ala. 222, 225. In the case of *Pitfield v. Gazzam,* 2 Ala. 325, one of the parties had not been served more than 22 days, and the decree was against both. In the case of *City Council of Montgomery v. Adams,* 51 Ala. 449, the party had the entire 6 days within which to claim his animal.

The rule is established in this and other jurisdictions that, when a notice of so many days is required before a certain thing is to be done, the first day is excluded and the last included, so that if the act be done on the last day it is sufficient. Wade on Notice §§ 1070, 1071; 49 L. R. A. 244, 248, note. In addition, our statute provides that, when time is specified in days, 4 weeks notice is equal to 30 days. Code 1896, § 3043. The notice was sufficient for the calling of the special term of the court.

The error in the organization of the court in inserting January in place of February, when taken in connection with the date of the order calling the court and the date given in making the order for summoning the venire, is self-correcting. Hence there was no error in correcting it nunc pro tunc.

The next insistence of appellant is that the court erred in not sustaining the motion to quash the venire of the petit jury on account of the manner of drawing the same. The facts set up and proved did not show any fraud in the drawing of said jurors. Hence there was no error in the action of the court. Code 1896, §

4997; *Baker v. State,* 122 Ala. 1, 26 South. 194; *Thompson v. State,* 122 Ala. 12, 19 26 South. 141; *Childress v. State,* 122 Ala. 21, 31, 26 South. 162.

For similar reasons there was no error in the ruling of the court in regard to the organization of the grand jury. Code 1896, § 5269; *Bluett v. State,* 151 Ala. 41, 44 South 84, 88; *Stoneking v. State,* 118 Ala. 68, 71, 24 South. 47; *Kitt v. State,* 117 Ala. 213, 23 South. 485; *Rogers v. State,* 144 Ala. 32, 40 South. 572; *Sanders v. State,* 148 Ala. 606, 41 South 466. The case of *Tucker v. State,* 152 Ala. 1, 44 South. 587, does not militate against this proposition. While the first plea in abatement in this case does state, as in the case just cited, that the grand jury was not drawn in the presence of the officers designated by law, yet said first plea was not demurred to, but issue was taken on it, and the issue decided against the defendant; the facts not showing that the grand jury was not drawn in the presence of said officers.

There was no error in overruling the objection to the question to the witness Tucker, on cross-examination: "You say your object was to scatter the jury over the county " nor in overruling the motion to exclude the answer thereto.—*Linnehan v. State,* 120 Ala. 293, 298, 25 South. 6; *Hurst v. State,* 133 Ala. 96, 98, 31 South. 933.

With regard to the validity of the general prohibition law of the state (Laws 1907, p. 71), and its effect in the counties where an election had been held, on the subject of intoxicating liquors, this court has recently, after careful consideration, sustained the validity of said general prohibition law, and has distinctly held that the provisions of section 13 of said act, providing that the said law should go into effect on the 1st of January, 1908, in all counties in which an election shall

have been held on or before the 12th day of December, 1907, does not require that said election shall be valid; the court saying: "It follows, we think, that the condition to the going into effect on January 1, 1908, of the state prohibition law in the counties \* \* \* does not import more than an election—an expression of the popular will, which was had in both of the counties named. Hence whether the local option law be valid or invalid is not a vital inquiry."—*State v. Skeggs,* 154 Ala. 240, 46 South. 268, 270. To what was said in that case it may be added that, if the election therein referred to meant a valid election under a valid law, the provision in the general law would be meaningless; for in that case prohibition would necessarily be already established in the counties referred to by virtue of the local option law, without any aid from the general prohibition law. This is persuasive to show that the object of referring to such election in section 13 was to cure any defects in the local option statute or in the steps attempted to be taken in pursuance thereof, and to base the going into effect of said law on January 1, 1908, merely upon the fact that the people of said locality had expressed their will by election.

The appellant insists that said election was not held "under the provisions of the county local option law," first, because the petition was not on one paper, but was on several papers, identical in wording, signed by different persons, making in the aggregate the number required. The statute does not require the petitioners all to sign one petition, but provides merely: "Upon the application of one-fourth of the qualified voters of any county in the state by petition in writing, signed by such qualified voters, addressed to the probate judges," etc. If each voter should write his own petition and sign it, that would be "one-fourth of the qualified voters"

applying by petition. In the case referred to in California, the original petitions were not presented, but only one, with certain other signatures, purporting to have been cut from others, attached thereto. That court distinctly states, in the opinion, that "probably, if the several petitions as signed had been presented, they might and should be regarded and treated as a petition, within the meaning of the statute." *People v. Town of Berkeley,* 102 Cal. 298, 305, 36 Pac. 591, 23 L. R. A. 838. The Supreme Court of Florida holds distinctly that, where several petitions of the same kind are signed by different electors, and all presented to the court, "considered as a whole they are a petition."—*McKinney et al. v. Com'rs of Bradford Co.,* 26 Fla. 267, 275, 4 South. 855, 859.

It is next insisted that the local option statute was not complied with, because said act provides that the "probate judge" shall order the election, and the record shows that the election in this case was ordered by the probate court. The petition is addressed to "Robert I. Burke, Judge of the Probate Court," etc., and the order reciting the petition is headed, "State of Alabama, Cullman County, Probate Court," and goes on to recite the filing of the petition, and then states: "It is therefore ordered, adjudged, and decreed by this court that the 9th day of December, 1907, * * * be set as the day for holding said election"—and is signed: Robert I. Burke, Judge of Probate." In a case where a local prohibition law provided that it should be the duty of the judge to order an election, and the objection was made that the order purported on its face to have been made by the court, this court said: "The mere recital in the order, 'It is therefore considered by the court,' is not conclusive. Conceding that the authority is conferred on the judge, that he may exercise it in term time or vacation," and, although it was shown that it was done

at a special term of the court, this court said that it sufficiently appeared that it was in fact made by the judge.—*Olmstead v. Crook,* 89 Ala. 228, 234, 7 South. 776. See, also, *Moss v Moseley,* 148 Ala. 168, 41 South. 1012, 1022. He is no less the judge of the court because he calls himself the court, and it is the opinion of the writer that he would still be a judge of the court, though the court should be shown to have been actually in session, and any act of the court, with a single judge sitting would be the act of the judge. In the case of *Scott v. State,* 141 Ala. 39, 37 South. 366, the law provided that "the court may in term time fix a time in which the bill of exceptions may be signed, and the judge may, in vacation, extend such time" (Code 1896, § 617) ; and the point of the decision is that this did not authorize the court, at a subsequent term, to extend it, as the statute required it to be done only in vacation by the judge. The Supreme Court of the United States holds that the words "court" and "judge" are interchangeable.—*United States, Petitioner,* 194 U. S. 194, 24 Sup. Ct. 629, 48 L. Ed. 931. Without going to that extent, as a general proposition, we think it sufficiently appears that the order was made by the probate judge.

The next insistence is that because the election was ordered on November 9, 1907, and the election held December 9, 1907, the statute was not complied with, which provides that "such election shall not be held within less than 30 days from the time it is ordered." (Acts 1907, p. 200) ; the claim being that it was the intention of the statute that 30 entire days should elapse before the election should be held. If such had been the intention of the statute, it would have been very easy to so state it; but that was not done. It is simply not to be less than 30 days, so that if, according to the law, the time at which the election was held could be said to

be 30 days from the time of the order, it certainly could not be less than 30 days. From what has been heretofore said on the subject of the time of the notice to call the special term of the court, it is evident that the 9th day of December was 30 days from the 9th day of November, and, as the law takes no note of fractions of a day, the first hour of that day was 30 days, and the last hour was not more than 30 days. This matter of the computation of time has been recently carefully considered by this court, and the law restated, that, unless the term "entire days" is used, the rule laid down in our Code, and which is in accordance with the great weight of authority without any statute, is that the first day is excluded and the last day included, so that the 9th day of December would be 30 days from November 9th.—*Foster v. State ex rel. Stanford et al.* 149 Ala. 632, 43 South. 179.

The next insistence is that the law was not complied with because the copy of the report of the election was not posted at the courthouse door as required by section 8 of the act (Acts 1907, p. 203). This is not made a condition precedent to the going into effect of the law; but, on the contrary, the act provides that, if a majority of the votes be against the sale, "then it shall not be lawful." etc. (section 14). "A requirement to the effect that an act shall be published, * * * without any indication of the legislative purpose that its operation shall be postponed, or that its penalties should not be imposed, until after such publication, is directory, and noncompliance with it would not invalidate the enactment."—*Toole v. State,* 88 Ala. 166, 7 South. 45. This objection is without force.

From what has been heretofore said, we think that the decision in the *Skeggs Case* makes not only the validity of the local option law immaterial, but also the strict compliance with its terms immaterial, if enough appears

to show that the election purported to have been held under it; but, as these points are earnestly insisted on by counsel, we have thought it best to consider them.

The license was immaterial, as it could not confer any authority to sell contrary to law.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.