(98 South. 462)
## SIMS v. SIMS. (6 Div. 999.)

(Supreme Court of Alabama. Dec. 20, 1923.)

1. Time ⚬⟹9(1)—Statutory computation not applicable to divorce for voluntary abandonment for two years.

Code 1907, § 11, providing that time "within which" any act is provided by law to be done must be computed by excluding the first day and including the last, does not apply to section 3793, authorizing a divorce for voluntary abandonment from bed and board for two years, and in such case both days must be excluded.

2. Time ⚬⟹9(1)—Bill held filed after two years lapse from date of abandonment.

Where abandonment occurred February 19, 1921, and bill for divorce was filed February 20, 1923, two full years had elapsed, as required by Code 1907, § 3793, though both dates mentioned be excluded.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for divorce by W. O. Sims against Agnes M. Sims. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

Ritter, Wynn & Carmichael, of Birmingham, for appellant.

The bill was prematurely filed. The two-year period necessary to run in order to give appellee a cause of action began on February 20, 1921, and was not completed until the end of the day of February 20, 1923. Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745; Garner & Nevill v. Johnson, 22 Ala. 494; Halbert v. San Saba Springs Asso., 89 Tex. 230, 34 S. W. 639, 49 L. R. A. 193; People v. Barry, 93 Mich. 452, 53 N. W. 785, 18 L. R. A. 337; Avery v. Stewart, 2 Conn. 69, 7 Am. Dec. 250; Goode v. Webb, 52 Ala. 452; Snyder v. Warren, 2 Cow. (N. Y.) 518, 14 Am. Dec. 519.

Davis & Locke, of Birmingham, for appellee.

While, in matters of this kind, the rule is to exclude both the day upon which the separation occurred and the last day of the two-year period, the period began to run on February 20, 1921, and was completed at the end of February 19, 1923. Authorities cited by appellant's counsel and Thrower v. Brandon, 89 Ala. 407, 7 South. 442.

ANDERSON, C. J. [1] The statute (section 3793 of the Code of 1907), in prescribing the jurisdiction and grounds for divorce by subdivision 3, says:

"For voluntary abandonment from bed and board for two years next preceding the filing of the bill."

This necessarily means that two years must elapse between the abandonment and filing the bill. True, section 11 of the Code, as to the computation of time, says:

"Within which any act is provided by law to be done must be computed by excluding the first day and including the last."

But this statute applies to acts required to be done within a certain time, and not to time which must intervene before certain things can be done or before certain rights are barred, such as the foregoing quoted provision or the statute of limitations.

"Whatever may be the English doctrine upon the subject, it is the practice of our court to include one day and exclude the other, except when the statute requires so many entire days to intervene—in which case both are excluded." Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745.

[2] The above-quoted provision of its own force and effect excluded the day on which the bill is filed as it fixes the period at two years "next preceding the filing of the bill." Indeed, counsel for the appellee concede, in brief, the correctness of the present method of computation in this instance, but contend, and we think correctly so, that, as per the averment of the bill, two complete years elapsed between the day of the alleged abandonment and the filing of the bill of complaint. The bill fixes the abandonment on February 19, 1921, and the bill was filed February 20, 1923. Therefore, excluding the 19th day of February, 1921, and the 20th of February, 1923, we have two complete years. In other words, start by including February 20, 1921, the day after the abandonment, and we have one full calendar year at the end of February 19, 1922; then start with February 20, 1922, and we have another full year upon the expiration of February 19, 1923, the day previous to filing the bill.

In the case of Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745, the statute considered was passed on the 7th day of February, 1843, and the bill was filed on the 7th of February, 1853, and the court held that the bill was filed before the expiration of 10 years after the act was passed. Had the bill been filed on the 8th the result would have no doubt been different.

The circuit court properly overruled the respondent's demurrer to the bill of complaint, and the decree is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

⚬⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes