60 So.2d 41

Ex parte REGISTER et al.

4 Div. 692.

Supreme Court of Alabama.

June 19, 1952.

Robert B. Albritton, Andalusia, and Jas. A. Mulkey, Geneva, for petitioners.

Rushton, Stakely & Johnston, Montgomery, E. C. Boswell, Geneva, B. W. Smith, Samson, and A. A. Smith, Hartford, for respondents.

FOSTER, Justice.

Heretofore, on April 30, 1952, we ordered a peremptory writ of prohibition to be issued in this matter without the Court adopting an opinion, upon the basis of which the order was made, for the reason that there did not seem to be sufficient time to do so. This opinion is prepared to be applicable to that order.

It is a petition to this Court for a writ of prohibition to be directed to the Judge of the Circuit Court of Geneva County. The purpose of this proceeding is to test the jurisdiction and power of the Judge of the Circuit Court of Geneva County to make an alternative writ of mandamus directed to these petitioners commanding them to appoint certain named persons to serve as officers in the primary elections to be held on May 6 and June 3, 1952, in said county for the nomination of candidates for county offices, as well as State offices.

The order first made by the judge of the circuit court, which is claimed to be without jurisdiction or authority, was dated April 22, 1952, and ordered an alternative writ of mandamus to issue to petitioners in the instant petition, and to be returnable on the 26th day of April 1952. Another was dated April 26th, returnable April 28, 1952, to which reference will be made hereafter. Thereupon the clerk of the Circuit Court of Geneva County issued said alternative writ on the order dated April 22d in due and proper form, whereby petitioners were ordered and commanded to appoint the officers named in said petition, who had been nominated by the Geneva County Democratic Executive Committee, or to appear before the court on the 26th day of April, 1952, and show cause why they had not done so.

The petition to the circuit court was presented by E. C. Boswell, in which he declared that he is a resident of said county, and chairman of the Geneva County Democratic Executive Committee, and at that time serving in such capacity.

The instant petition for prohibition was presented to us by W. P. Register, J. A. May and J. Clyde Lewis, individually and severally as members of the appointing board for the selection of officers for said primary. The petition called attention to the fact that under section 120, Title 17, Code, such appointing board is to consist of the judge of probate, sheriff, and clerk of the circuit, and that petitioner Register is a duly elected, qualified and acting sheriff of Geneva County, and is not a candidate for election in the primary election and, therefore, qualified to serve on the appointing board; that P. C. Black and W. R. Draughon are the probate judge and clerk of the circuit court, respectively, of said county, and each is a candidate for re-election in said primary and, therefore, disqualified from serving on said board. That said Draughon is also the register of the circuit court in equity under appointment. Attention is also called to section 122 of Title 17, Code, which provides that when either of said officers constituting the appointing board is a candidate in said proposed election, it shall be the duty of the judge of probate to certify to the register the fact of such disqualification. By section 123 of Title 17, it is provided that the register shall forthwith appoint a qualified elector to take the place of each member of the appointing board who is a candidate for election, and that the person so appointed shall perform the duties thereof. By section 124, Title 17, it is provided that when there is no register of the circuit court, or he is disqualified, the judge of probate shall certify the fact of the candidacy of the judge of probate, sheriff or circuit clerk to the governor who shall forthwith appoint a qualified elector to act in place of such disqualified members of the appointing board.

The petition shows that the register of the circuit court was also the clerk of the court who was disqualified to serve on the board and, therefore, the register was dis-qualified to fill the membership of said board, and that the judge of probate certified the fact of the candidacies of the judge of probate and clerk of the circuit court to the Governor of Alabama, who did forthwith appoint petitioner J. A. May in the place of the probate judge and petitioner J. Clyde Lewis to act in the place of the clerk of the circuit court on said appointing board. This was done by the Governor on the 4th day of March, 1952. Wherefore it is alleged in the petition that petitioners who are W. P. Register, the sheriff of said county, and the said May and Lewis, appointed by the Governor, did on the 19th day of April, 1952, appoint from the list of qualified electors of the respective voting places in the county the requisite number of such election officers for each precinct therein to act in said primary election to be held according to law on May 6 and June 3, 1952.

On April 22, 1952, E. C. Boswell presented a petition to the Hon. B. W. Simmons, Judge of the Circuit Court of Geneva County, referred to hereinabove. Said petition alleged that the Geneva County Democratic Executive Committee on Saturday, April 19, 1952, made a list of names for each voting precinct of Geneva County, as provided by section 349, Title 17 of the Code, to hold and conduct the primary elections of May 6th and June 3rd. That said list contained the names of a sufficient number of persons eligible to hold and conduct said elections and the committee nominated the same on April 21, 1952 to petitioners as the appointing board of the county for appointment as officials to hold and conduct said primary election. Said petition for mandamus also alleges that petitioners in the instant proceeding were duly and legally appointed as members of the appointing board by the Governor of Alabama, and that they as members of said board had appointed or attempted to appoint a different list of said officials to hold said primary election, which said list had not been submitted to them by the Democratic Executive Committee or the executive committee of any other party in Geneva County, as authorized and required by section 349 of Title 17. That the said Boswell, acting for

the Geneva County Democratic Executive Committee, presented the list so made up by the committee to said appointing board, constituted as above stated, and alleged to be within the time prescribed by law. But that said appointing board ignored said list and failed or refused to appoint the election officials from said list. The petition of said Boswell therefore prayed for the issuance of an alternative writ commanding said members of the appointing board to appoint the officials for the election from a list so made up and nominated by the Democratic Executive Committee and presented to them by said county officers, or to appear before the court and show cause why a peremptory writ should not issue requiring it. It was upon that petition that the Hon. B. W. Simmons ordered the alternative writ as prayed for, to which we have referred.

Later the petition of E. C. Boswell purports to have been amended by alleging that W. R. Draughon, as clerk of the circuit court and ex officio a member of the appointing board, is under no legal disqualification to serve as a member of said board, and as register is not disqualified to perform the duties required by section 123, supra, to make appointments when the members are disqualified. The petition further alleged that it was the duty of Register as sheriff and Draughon as clerk, constituting a majority of the appointing board, to appoint the election officials nominated by the executive committee and that they have failed and refused to appoint the election officials.

Petitioner undertook to amend the prayer by striking therefrom the names of May and Lewis as members of the board of election officials and adding thereto the name of Draughon as clerk of the circuit court. Whereupon the judge of the circuit court issued an order, dated April 26, 1952, to Register as sheriff and Draughon as clerk, as members of the appointing board, directing them to select and appoint as election officials names from the list made up and nominated by the Democratic Executive Committee, or appear on April 28, 1952, and show cause for not doing so. There is no indication that said amendment was filed or

the order served. It did not therefore operate as an amendment.

The petition to this Court is by Register, May and Lewis, in which Draughon joins, and seeks an appropriate writ directing the judge of the circuit court to refrain from hearing said petition on its merits and from further proceeding in said cause.

It is evident that the theory on which Draughon is brought back in as a member of the appointing board is that, although he is a candidate for nomination to the office of clerk of the circuit court, he has no opposition in the primary and, therefore, he will not be voted for in said primary and is not disqualified under the terms of the Code provision to which we have referred.

Such being the status of the proceeding in the Circuit Court of Geneva County, the instant petition was presented to this Court on April 28, 1952. Whereupon this Court ordered an alternative writ of prohibition, to which we have above referred, returnable on April 30, 1952. On April 30th this petition came on for hearing. Whereupon the regular judge of the Circuit Court of Geneva County, Hon. B. W. Simmons, having disqualified himself to serve as such because he also is a candidate for re-election subject to said primary, the Chief Justice of this Court appointed the Hon. W. E. Callen, Judge of the Fourth Judicial Circuit of Alabama, to serve in his stead as judge of said court. Both of whom appeared and filed a motion to strike the petition for prohibition and the alternative writ, and demurred thereto and without waiving the same also filed an answer to the petition. All of which were argued and submitted to the Court and decided as above stated on April 30, 1952. The motion to strike, the demurrer and the answer all present the same legal questions, and it is unnecessary to address this discussion to those separate items of pleading.

The first question argued and submitted to this Court is the claim that before such writ will issue from this Court, it must distinctly appear that the court or the judge thereof, to whom it is proposed to issue, has already assumed jurisdiction and determined that it is within his power to hear

and determine the petition for mandamus which was presented to him.

The basis of the contention made by the respondents to the instant petition at the outset is that the judge of the circuit court has not decided that the circuit court has jurisdiction, and that this Court will not issue a writ of prohibition to him or to that court until after he has taken jurisdiction by some affirmative act, which cannot be sustained except upon the assumption that he has decided that he has jurisdiction. It is contended in that connection that the order for the issuance of an alternative writ of mandamus is not a decision, tentative or final, that the court will make any further order than to dismiss the petition for mandamus.

A direct ruling contrary to that contention appears in our case of Ex parte Wheeler, 231 Ala. 356, 165 So. 74. In that case the same nature of order was made by the Court of Appeals as appears in the instant case by the circuit court. In both of them the order was that the respondent shall do the specified act or appear in that court and show cause why he has not done so. That is the appropriate form of an alternative writ, sometimes called a rule nisi. Long v. Winona Coal Co., 206 Ala. 315, 89 So. 788; Longshore, Judge v. State ex rel. Turner, 137 Ala. 636, 34 So. 684; Gordon v. State ex rel. Cole, 237 Ala. 113, 185 So. 889.

The effect of such alternative writ, either of mandamus or prohibition, is to stay proceedings in the court to which it is directed until the court to which such writ is returnable can hear the parties and determine the issues between them. Ex parte Campbell, 130 Ala. 171, 177, 30 So. 385; Ex parte Ray, 45 Ala. 15; 55 C.J.S., Mandamus, § 312, page 550, note 3.

Ordinarily, the order granting an alternative writ in proper form is appealable. Section 761, Title 7, Code. But not so if it is merely a notice to appear and show cause why a peremptory order should not be made. Long v. Winona Coal Co., supra. A writ of prohibition or mandamus will not usually issue to review an order of an inferior jurisdiction granting or denying an alternative writ, because such an order is generally appealable. Ex parte Campbell, supra; Ex parte Grant, 53 Ala. 16; Ex parte State ex rel. Attorney General, 150 Ala. 489, 496, 43 So. 490, 10 L.R.A., N.S., 1129; Donahoo v. St. John, 253 Ala. 604, 46 So.2d 420; Ex parte State ex rel. Knight, 229 Ala. 513, 158 So. 317. But if the court has no jurisdiction to order the alternative writ, such order is a nullity and not appealable. State ex rel. Crow v. Crook, Judge, 123 Ala. 657, 27 So. 334; Donahoo v. St. John, supra (6); Ex parte Phillips, 231 Ala. 364, 165 So. 80; Crabtree v. Miller, 229 Ala. 103, 155, So. 529. It was said in Ex parte State ex rel. Attorney General, 150 Ala. 489, 43 So. 490, 491: "If the want of jurisdiction is disclosed on the face of the petition, then the writ of prohibition will be awarded, notwithstanding the respondent may have jurisdiction to issue (such) writs * * * in proper cases. Ex parte Hill, 38 Ala. 429; Ex parte Walker, 25 Ala. 81; Ex parte Smith, 23 Ala. 94." Quoted in Ex parte State ex rel. Knight, 229 Ala. 513, 158 So. 317.

But as pointed out in the various opinions, in Long v. Winona Coal Co., supra, the granting of an alternative writ is a judicial act and not mere process as when the order is merely notice to show cause.

It is clear therefore that this Court was correct in holding in Ex parte Wheeler, supra, that when a judge orders an alternative writ he thereby determines that he has jurisdiction to make it final if the facts so justify. Therefore, if, as shown by the petition to him, he does not have jurisdiction to make a final order as prayed for, this Court has the power to issue a writ of prohibition to him, prohibiting him from making any further order in the matter except to dismiss the petition. Such was the order of this Court in the Wheeler case, supra.

So that, we now reach the question of whether the petition of Boswell to the circuit court justified the use of the writ of mandamus, so as to invoke the jurisdiction of the court to grant its prayer. Its purpose is to command the appointing board to name as election officers those persons who

were certified to it by the Democratic Executive Committee. The election officers occupy a public office created by law, whose powers and duties are prescribed by law, which also provides for the manner of their appointment. Bridges v. McCorvey, 254 Ala. 677, 49 So.2d 546. They were appointed by the appointing board by authority of section 120, Title 17, Code, not more than twenty nor less than fifteen days before the date of the primary, May 6, 1952. The appointing board was constituted as provided by section 124, Title 17, Code. The fact that the clerk is a candidate in the primary and therefore disqualified to serve on the appointing board, and that the register who as the same party is likewise disqualified, was certified to the Governor by the judge of probate, as authorized by law. The Governor then made the appointment.

There are certain well established principles of law to which we will now refer as applicable to those questions.

■■■■■ Mandamus is not the proper remedy to try the right to a *de jure* public office of which there is a *de facto* incumbent. Ex parte Harris, 52 Ala. 87, 89; Goodwyn v. Sherer, 145 Ala. 501, 504, 40 So. 279; Beasley v. McCorkle, 237 Ala. 4(5), 184 So. 904. A *de facto* officer is one who exercises the duties of a *de jure* office under color of appointment or election, and his official acts are valid. Heath v. State, 36 Ala. 273.

Such is one aspect of the petition under review, in that it seeks by that procedure to have certain persons named as election officers in the place of the then existing incumbents acting under appointment of the appointing board having at least a *de facto* existence, and appointed at a time authorized by law for their appointment. The writ of mandamus cannot invoke the jurisdiction of the court in that respect.

■■■■■ It also seeks to ignore the appointment by the Governor of Lewis to act on the appointing board in the place of Draughon, who is clerk and register of the circuit court and is alleged to be a candidate without opposition for re-election, and to recognize Draughon as continuing to be a member of the board. But in appointing Lewis,

the Governor acted as required by law on the certificate of the probate judge that Draughon was disqualified. The fact of his disqualification cannot be inquired into by the use of the writ of mandamus. Coe v. City of Dothan, 19 Ala.App. 33, 94 So. 186; Lockhart v. City of Troy, 48 Ala. 579 (5).

It is also insisted that the appointment of the election officers on Saturday, April 19, 1952, was void in that it was prohibited by section 349, Title 17, Code, because the board did not wait until the executive committee certified a list to them as there authorized; and that it became the ministerial duty of the board to name the persons so certified. This contention assumes that the board must wait until the last possible moment to see if the committee shall so certify a proposed list, and cannot act in making the appointment until the committee acts or manifests a purpose not to do so, and that the selection or appointment by the board is ministerial. We forego a discussion of the contention that it is ministerial. Section 349, supra, contemplates that the procedure there outlined shall begin not less than twenty-five days before the election. Candidates, if they choose to do so, may in the time indicated present a list proposed by them to the executive committee. The executive committee shall so far as possible make up a list from those thus furnished and present it to the appointing board who shall appoint the election officers from the list so presented if it contains a sufficient number of eligible persons. Section 120, supra, provides that only qualified electors of the respective voting precincts shall be appointed. Section 349 does not fix a time in which the committee may or must act under it. Section 120 provides that the appointing board shall make the appointment not more than twenty nor less than fifteen days before "the holding of any election". The day for holding the first election is May 6, 1952. Section 12, Title 1, Code, provides that the time must be computed by excluding the first day and including the last.

In determining the period represented by a certain number of days before May 6th, May 6th is the last day of the time limit.

414

Thrower v. Brandon, 89 Ala. 406, 7 So. 442. So that the fifteen day period would include April 22d, and the twenty day period would include April 17th; and the intervening period would be the 17th, 18th, 19th, 20th and 21st of April. The law does not use the term *entire days* in this connection, but only twenty and fifteen days before the election. The above method of computing such period has been adopted where *entire days* or their equivalent are not used. Walton v. City of Mobile, 232 Ala. 200(3), 167 So. 247; Thrower v. Brandon, supra; Richter v. State, 156 Ala. 127, 47 So. 163; Foster v. State, ex rel. Stanford, 149 Ala. 632, 43 So. 179. In Garner v. Johnson, 22 Ala. 494, and Owen v. Slatter, 26 Ala. 547, a distinction is drawn when the statute requires a certain number of "entire days." It is doubtful if this principle was properly applied in Sims v. Sims, 210 Ala. 465, 98 So. 462. So that, the 21st day of April was less than twenty days and more than fifteen days before May 6th. It was on April 21st that the committee certified a proposed list to be used in selecting the election officers. But the appointing board had acted and made the appointments on April 19th, before any such list was presented to them. That was of course between the 15th and 20th day before May 6th.

We interpret section 349, *supra,* to mean that the executive committee must act, if they do so at all as there authorized, before the appointing board shall act in said intervening period. And if within such period the board makes the selection before the committee acts under section 349, such selection and appointment are not void and the board could not then make a selection from the list so furnished by the committee.

The result is that under no aspect did the petition for mandamus invoke the jurisdiction of the circuit court. For that reason we ordered the peremptory writ of prohibition to issue.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.