130 So.2d 10

**William P. ODOM**

v.

**Sue Core ODOM.**

4 Div. 61.

Supreme Court of Alabama.

May 11, 1961.

**165**

W. G. Hardwick, Dothan, for appellant.

Lee & McInish, Dothan, for appellee.

STAKELY, Justice.

The question for decision is whether the contest of a will ·was made within the six months after the admission of a will to probate as provided in § 64, Title 61, Code of 1940.

Dr. William P. Odom filed a contest in the Circuit Court of Houston County, Alabama, in Equity, contesting the purported last will and testament of Dr. J. W. Odom, which was probated on the 25th day of February, 1960, in the Probate Court of Houston County, Alabama.

Sue Core Odom (appellee) demurred to the bill of complaint on the ground that the contest had not been filed within the six months as required by the statute, the contest having been filed on August 26, 1960. The court sustained the demurrer to the bill of complaint and dismissed the bill of complaint. This appeal followed.

■ Any will contest filed in the circuit court in equity must be filed within the six months after the admission of such will to probate. Section 64, Title 61, Code of 1940; Ex parte Pearson, 241 Ala. 467, 3 So.2d 5. "Month" within the meaning of the statute means a calendar month. Bartol v. Calvert, 21 Ala. 42; Sovereign Camp, W. O. W. v. Reed, 208 Ala. 457, 94 So. 910; Sims v. Sims, 210 Ala. 465, 98 So. 462; 86 C.J.S. Time § 10, pp. 837–838. A calendar month, according to Webster's New International Dictionary, means " 'the time from any day of any of the months as adjusted in the calendar to the corresponding day (if any; if not, to the last day) of the next month.' " Daniel v. Ormand, 26 Ala.App. 441, 442, 163 So. 361 certiorari denied 231 Ala. 10, 163 So. 362.

■ Furthermore the statute providing for a will contest in an equity court is not one of limitation but creates a new, substantive and independent right which may be exercised within the time prescribed. Smith v. Bryant, 263 Ala. 331, 82 So.2d 411.

■ The time within which a will contest may be filed in the circuit court, in equity, is computed by excluding the first day and including the last. Section 12, Title 1, Code of 1940.

In the case of Sims v. Sims, 210 Ala. 465, 98 So. 462, this court considered the computation of time with reference to voluntary abandonment as a ground for divorce and affirmed the action of the lower court in overruling the demurrer to the bill of complaint. We quote from that case as follows: "The bill fixes the abandonment on February 19, 1921, and the bill was filed February 20, 1923. Therefore, excluding the 19th day of February, 1921, and the 20th day of February, 1923, we have two complete years. In other words, start by including February 20, 1921, the day after the abandonment, and we have one full calendar year at the end of February 19, 1922; then start with February 20, 1922, and we have another full year upon the expiration of February 19, 1923, the day previous to filing the bill."

■ As stated, the will in the present case was probated on February 25, 1960. Applying the statutory method of computing time and time as computed in accordance with the foregoing authorities, a valid contest could not have been filed on August 26, 1960, as that date was not

**166**

within the six months of the date the will was probated. Excluding the 25th day of February and starting with February 26, 1960, through March 25, 1960, is one month. Starting with March 26, 1960, through April 25, 1960, is two months. Starting with April 26, 1960, through May 25, 1960, is three months. Starting with May 26, 1960, through June 25, 1960, is four months. Starting with June 26, 1960, through July 25, 1960, is five months. Starting with July 26, 1960, through August 25, 1960, is six months. The foregoing shows that the complainant in the case at bar attempted to file a contest of the will six months and one day after the probate of the will.

It follows that the action of the lower court was correct and its judgment must be sustained.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.