248 So.2d 711

**TAXPAYERS AND CITIZENS OF
CLEBURNE COUNTY**

v.

**CLEBURNE COUNTY, a political subdivision of the State of Alabama and the
Cleburne County Commission.**

**7 Div. 891.**

Supreme Court of Alabama.

April 29, 1971.

Rehearing Denied May 27, 1971.

John S. Tucker, Jr., Birmingham, for appellants.

Harry R. Teel, Ellene Winn, Robert C. Walthall, Birmingham, Walter J. Merrill, Anniston, for appellees.

BLOODWORTH, Justice.

Appellants appeal from a final decree of the Cleburne County circuit court, in equity, validating $105,000 principal amount of public building warrants issued to finance part of the construction of an annex to the County Courthouse.

The only grounds assigned as error are the trial court's actions in overruling appellants' plea in abatement, motion to quash notice, and demurrer. The thrust of each pleading is that the notice of the validation suit was not published as prescribed by law.

Appellees, Cleburne County and the Cleburne County Commission, have succinctly summarized the single question presented by this appeal:

"* * * Does notice first published on November 26, 1970, of a hearing set and held on December 14, 1970, comply with that part of Title 7, Section 171, as amended, Ala. Code 1940 (Recomp. 1958) which requires '* * * the first publication to be at least eighteen days before the hearing'?"

Appellees agree this issue was properly raised by one or more of appellants' pleadings. To the question posed, we answer in the affirmative and, therefore, conclude that the decision of the trial court should be affirmed.

The pertinent statute relating to actions for validation of obligations, Title 7, § 171, supra, provides in part as follows:

"* * * Prior to the hearing of said cause, the register of said court shall publish in a newspaper published in the unit once each week for at least three weeks before the hearing, the first publication to be at least eighteen days before such hearing, a notice addressed to the taxpayers and citizens of such unit requiring them, at the time and place specified in the order providing for the hearing of such cause, to show cause, if any they have, why said obligations and the tax or other means provided for their payment should not be validated and confirmed * * *."

Here, the first notice of the hearing was published in The Cleburne News on November 26, 1970. The hearing was set for, and held on, December 14, 1970. Appellants contend that holding the hearing on December 14, 1970, was premature because it was not held at least eighteen days after the publication. It is their position that the Code section above quoted requires that the first day (the day notice is given) and the last day (the day of the hearing) should both be excluded in computing the eighteen day period. Appellees, on the other hand, argue that the notice was given at least eighteen days prior to the hearing and that in computing this time period, either the first day or the last day should be excluded and the other included.

For more than a hundred years, our decisions have declared the general rule to be that in computing the number of days specified in a statute before an event is to take place, either the first or the last day is included in the computation, except when the statute requires a specific number of entire days to intervene, in which case, both are excluded. Garner & Nevill v. Johnson, 22 Ala. 494 (1853); see also, Owen v. Slatter, 26 Ala. 547 (1855).[1] In practice, the rule developed to exclude the first day and include the last day in the computation. Richter v. State, 156 Ala. 127, 47 So. 163 (1908); Ex parte Register, 257 Ala. 408, 60 So.2d 41 (1952). The rule, as codified, is found in Title 1, § 12, Code of Alabama 1940, which provides in part:

"Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. * * *"

---

1. Such is also the general rule in most other jurisdictions. See Anno. 98 A.L.R.2d 1331.

Appellants suggest that the statute (Title 7, § 171, supra) requires eighteen entire days to intervene between the first notice and the hearing. In support of this theory they cite Owen v. Slatter, supra, and Sims v. Sims, 210 Ala. 465, 98 So. 462 (1923). However, we rejected such an interpretation in the later case of *Ex parte Register*, supra. There, the Code section being considered (Title 17, § 120, Code of Alabama 1940) concerned the appointment of election officers and provided that the appointing board shall make the appointment "* * * not more than twenty nor less than fifteen days before 'the holding of any election'. * * *" The election date was May 6, 1952. In computing the fifteen and twenty day periods, the court included May 6, 1952, as the last day of the time period. The court remarked:

"* * * The law does not use the term *entire days* in this connection, but only twenty and fifteen days before the election. The above method of computing such period has been adopted where *entire days* or their equivalent are not used. * * *"

The court went on to discuss the import of the decision in Owen v. Slatter, supra, and cast some doubt on certain aspects of the opinion in Sims v. Sims, supra, saying:

"* * * In Garner v. Johnson, 22 Ala. 494, and Owen v. Slatter, 26 Ala. 547, a distinction is drawn when the statute requires a certain number of 'entire days.' It is doubtful if this principle was properly applied in Sims v. Sims, 210 Ala. 465, 98 So. 462. * * *"

We think the correct rule to be applied in the case at bar is that enunciated in *Ex parte Register*, supra, and in Richter v. State, supra. In *Richter,* the statute under consideration required thirty days notice by advertisement in a newspaper of a special term of court. The newspaper containing the notice was dated January 3, 1908 and was distributed through the mails on January 4, 1908. The special term of court was called to convene on February 3, 1908. In concluding that the notice was timely, the court stated:

"The rule is established in this and other jurisdictions that, when a notice of so many days is required before a certain thing is to be done, the first day is excluded and the last included, so that if the act be done on the last day it is sufficient. * * *"

 Applying this principle to the facts before us, it is evident that the eighteen days notice required by the statute was met. The first day, November 26, 1970 (the day of notice), is excluded from the computation, while the last day, December 14, 1970 (the day of the hearing), is included. It follows then that the trial court was correct in overruling the appellants' plea in abatement, motion to quash notice, and demurrer.

Affirmed.

HEFLIN, C. J. and SIMPSON, COLEMAN and McCALL, JJ., concur.