# Goodwyn, Judge of Probate v. Sherer, *et al.*

*Mandamus to Compel Judge of Probate to Issue Mileage and Per Diem to Commissioners.*

(DECIDED FEB. 8, 1906, 40 So. REP. 279.)

1. *Mandamus; Functions of Writ; Trying Title to Office.*—Mandamus cannot be maintained to compel a judge of probate to issue mileage and per diem to county commissioners, where it appears from the answer that other persons were claiming to exercise the rights and powers of the office claimed by relators, there being appropriate legal remedies to try title to office.

2. *Same; Pleading; Answer.*—In a mandamus proceedings to compel a judge of probate to issue certificates for mileage and per diem to commissioners, an answer which sets up that other persons are claiming and exercising the functions and powers pertaining to that office, is not demurrable as an attempt to

[Goodwyn, Judge of Probate v. Sherer, *et al.*]

try title to the office, it being defensive matter proper to be set up by answer .

3. *Same; Joint Relators; Separate Interests.*—Mandamus cannot be maintained jointly by two relators whose interests are separate, as each party must have a clear legal right with respect of the entire cause of action presented.

APPEAL from Fayette Circuit Court.

Heard before Hon. S. H. SPROTT.

This is a petition for mandamus filed by Sherer and another claiming to exercise the powers and to be entitled to the office of commissioners of Fayette county against the judge of probate of said county to compel him to issue his warrant on the treasurer for their mileage and per diem as such county commissioners. The answer to the petition alleges that two other persons are claiming the office and exercising its functions. The facts sufficiently appear in the opinion.

C. W. SANDERS and J. J. MAYFIELD, for appellant.— The purpose and intent of this proceeding is really to quiet the title to the office of county commissioner of Fayette county. Mandamus is not the proper remedy.— *Ex parte Harris,* 52 Ala. 87; *Harmon v. Hamill,* 97 Ala. 107. If the parties are permitted to have mandamus it will amount to a collateral decision of questions of importance between persons not parties to the record.— *Ex parte Dubose,* 64 Ala. 278.

J. M. SHERER and R. F. PETERS, for appellee.—Mandamus is the proper remedy.—*State ex rel Tyson v. Wharton* 142 Ala. 90; General election law 1903. Where a rightful officer in the actual enjoyment of the office is ousted, mandamus is the proper remedy to compel his recognition.—*Ex parte Lusk,* 82 Ala. 519; *State v. Falconer,* 44 Ala. 696; *State ex rel Ely,* 43 Ala. 568; *Hudmond v. Slaughter,* 70 Ala. 546; *Ex parte Wiley,* 54 Ala. 226; *State v. Dunn,* Minor 46. Mandamus is the proper remedy because there is no other remedy to enforce the performance of the particular duty prayed for in the information.—*Brickman v. Wilson,* 123 Ala. 280; *Sessions & Leary v. Boykin,* 78 Ala. 328; 11 Cyc. 381. The demur-

rer to defendant's answer was properly sustained.—
*Longshore's case,* 34 So. 684.

DENSON, J.—This is a proceeding by mandamus to
compel the respondent, who is judge of probate of Fay-
ette county, to issue certificates in favor of relators, J.
D. Sherer and B. Henry, for mileage and two days' at-
tendance as county commissioners of said county at the
regular February term, 1905, of the commissioners'
court of said county.    It is clearly made to appear by
the answer of the respondent to the alernative writ
that two other persons, W. H. Brown and W. M. Wright,
were elected at the general election held in said county in
1904 to the identical offices claimed by the relators, and
that said Brown and Wright were duly commissioned
by the Governor as county commissioners of said county
for the first and third districts, respectively; that said
Brown and Wright appeared at the regular term of the
commissioners' court held on the second Monday in
February, 1905, and presented to respondent their com-
missions as such commissioners for the first and third
districts of said county, demanding that they be allowed
to transact the business and perform the dutes of com-
missioners at said term of the court; and that
they did perform the duties during said term.
It is also shown by the answer that the rela-
tors did not perform the services as commissioners at
said February term.

Thus we have a case of rival parties claiming title to
office, and the answer makes it appear that the proceeding
by the relators is an attempt on their part to test the
right to office between themselves and the rival claim-
ants by a mandamus proceeding  It is manifest that the
respondent, before he could have properly issued the cer-
tificate to relators, would of necessity have been com-
pelled to pass upon the validity or not of their title to
the office claimed by them, and this, too, in the absence of
Brown and Wright as parties to the proceeding.    It does
not appear from the pleadings that the election and com-
missions of Brown and Wright are apparently colorable
and void.    But it appears that Brown and Wright held

[Goodwyn, Judge of Probate v. Sherer, *et al.*]

commissions to the office and were also *de facto* commis-
sioners. In such state of the case the courts will not in-
terfere by mandamus, but will put the relators in the first
instance to an information in the nature of a quo warran-
to.—*State ex rel. Mead v. Dunn,* Minor, 46, 12 Am. Dec.
25; *Ex parte Harris,* 52 Ala. 87, 23 Am. Rep. 559; *Har-
mon v. Hamil,* 97 Ala. 107, 11 South. 892; *Ex parte Du
Bose,* 54 Ala. 278; *Taylor v. Kolb,* 100 Ala. 603, 13
South. 779; *Anderson v. Colson,* 1 Neb. 172; *State ex rel.
Vail v. Draper,* 48 Mo. 213; *Rex v. Banks,* 3 Burr. R.
1454. Setting up the matter in answer referred to as
respondent's reason for not issuing the certificates did
not put the respondent in the attitude of seeking to try
the title to the office by a mandamus proceeding, as was
assumed by the demurrer to the answer. Its legitimate
effect was to show that the relators were in that atti-
tude. It was legitimate defensive matter, the demurrer
admitted it was true, and the court erred in sustaining
the demurrer.

There is another point in the case which was not raised
in the court below, but which on account of the nature of
the proceeding, we will mention here. The petition pre-
sents district rights of different persons which cannot be
joined in the same proceeding. Sherer is not interested
in Henry's claim for mileage and per diem—in his cause
of action; nor is Henry interested in Sherer's. For this
reason the court might well have dismissed the petition,
and probably should have done so, notwithstanding the
point was not made by the parties. Each party must
have a clear legal right with respect of the entire cause
of action presented, or mandamus cannot be. properly
awarded.—High on Ex. Rem. (2d Ed.) § 540; *Heckart
r. Roberts,* 9 Md. 41; *Hoxie v. County Com'rs.* 25 Me.
333; *The King v. City of Chester,* 5 Modern Rep. 11; *Rex
v. Mayor,* 11 Mod. 382.

Without deciding the question as to repeal or not of
the local statute involved in this controversy by the en-
actment of the general election law, we cite the cases of
*Maxwell v. State,* 89 Ala. 150, 7 South. 824; *State ex rel.
Tyson v. Houghton,* (142) Ala. 90, 38 South. 761.

[*Ex parte* Matthews.]

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and ANDERSON, JJ. concur.