184 So. 904

**BEASLEY, Mayor, v. McCORKLE.**

**8 Div. 945.**

Supreme Court of Alabama.

Dec. 8, 1938.

W. L. Chenault, of Russellville, for appellant.

W. F. McDonnell, of Sheffield, and Ed Almon Williams, of Tuscumbia, for appellee.

KNIGHT, Justice.

This is a proceeding instituted in the Circuit Court of Colbert County by R. L. McCorkle, appellee here, to require the appellant, Mayor of the City of Tuscumbia, Alabama, to approve a warrant drawn in petitioner's favor by the clerk of said city, for salary due him as chief of police for a specified number of days in June, 1938.

It is averred in the petition that the City Council on June 20th, 1938, by ordinance duly and legally passed and adopted, created the office of Chief of Police for said City of Tuscumbia, and that petitioner was duly appointed to the office by said city council. That the salary of petitioner was duly fixed by said ordinance at the sum of $1,839.36, payable in semi-monthly installments, and the clerk was expressly authorized to issue warrants on the first and fifteenth days of each month for the payment of this salary. All warrants drawn by the clerk are required to be approved by the mayor before the same can be paid by the treasurer.

The petition further avers and shows that, subsequent to the passage, adoption, and publication of said ordinance, and pursuant to its provisions, the petitioner duly qualified as chief of police as aforesaid on June 25th, 1938. That on the day of his qualification as such official he entered upon the discharge of the duties of the office, and since that date has fully performed all of the duties required by the ordinance.

That on July 1st, 1938, in accordance with the terms of said ordinance, the city clerk issued a warrant on the city treasurer of Tuscumbia, payable to petitioner, for

his June, 1938, salary, as such chief of police, and this warrant was thereupon duly presented to the mayor, the said Robert Beasley, for his approval as required by law, and that the said respondent mayor refused, and still refuses, to approve the same. That there "were then and there are now ample funds in the treasury of said city, subject and liable to the payment of said warrant."

The respondent-mayor first moved to dismiss the petition, and when his motion was overruled, he demurred to the same, and when this demurrer was overruled, he filed four pleas. The first plea was a general denial of the allegations of the petition. In pleas two and three the respondent undertook to set up the invalidity of the appointment of petitioner to the office of chief of police. Plea four undertook to set up matters occurring prior to the passage of the ordinance in question, and prior to the appointment of petitioner. The court sustained demurrers to all pleas of the respondent except the plea of the general issue.

The evidence offered on the trial of the cause supports fully all the material allegations of the petition. It shows conclusively that the ordinance creating the office of Chief of Police for the City of Tuscumbia, and the appointment of the petitioner to said office was duly and legally adopted by the city council, and was duly authenticated by the clerk of the city, and that immediately upon its adoption the ordinance was duly published, as the law directs, in a newspaper of general circulation in the City of Tuscumbia. No irregularity whatever appears in the proceedings leading up to, and culminating in, the passage and adoption of the ordinance. All requirements of Sections 1992, 1993 and 1999 of the Code were fully observed.

It is true that the ordinance was not approved by the mayor, or authenticated by his signature, but this was wholly unnecessary. Davis v. City of Tuscumbia et al., 236 Ala. 552, 183 So. 657.

It further appears that since the appointment of petitioner on June 25, 1938, he has been in possession of the office of, and has discharged the duties encumbent upon him as, Chief of Police of the City of Tuscumbia. It further appears without dispute that the city clerk duly issued his warrant to the petitioner for his June salary, and presented it to the respondent-

mayor for his approval, which he refused to give.

■ It is not disputed that the City of Tuscumbia is a municipality of less than 6,000 inhabitants, and operates under the General Municipal Code of Alabama, and not under any special charter.

Section 1908 of the Code provides, inter alia: "All legislative powers and other powers granted to cities and towns shall be exercised by the council, except those powers conferred on some officers by law or ordinance. They shall perform the duties required in this chapter, including, the following: * * * 9. They shall prescribe by an ordinance the powers to be exercised and the duties to be performed by the officers appointed or elected so far as such duties and powers are not prescribed by law.

"10. Except as otherwise provided, they shall have power to establish a police force and to organize the same under the general supervision of the chief of police, and to provide one or more station houses, and to require all things necessary for the maintenance of an efficient police department."

Section 1951 of the Code provides: "The council may provide for a tax assessor, tax collector, chief of police * * *."

Section 1887 of the Code provides: "Cities and towns may, except as aforesaid, by ordinance, provide for the election at any regular municipal election, or for the appointment of such officers as are deemed needful or proper for the good government of the city or town, and the due exercise of its corporate powers, fix their terms of office, fix their compensation, and prescribe the duties of such officers, their liabilities and powers, and require them to give bond in such sum and to be conditioned and approved as the council may prescribe."

Due consideration of the foregoing sections of the Municipal Code leaves no room for doubt that the city council was in the exercise of a lawful right in adopting the ordinance creating the office of chief of police for said city, and in appointing or electing the petitioner to said office, and in fixing his term of office, as well as his salary.

After the appointment of the petitioner, the record does not show that any effort was made by any one to remove him from office, and he has continued therein to the present time.

■ Practically the entire argument made on this appeal, on behalf of appellant, is directed to the invalidity of the appointment of petitioner, taking the point that the council exhausted its power with the adoption of the ordinance creating the office, fixing the term of office, and the salary to be paid. That the power to appoint the chief of police was in the mayor, not in the council. There is no approach to merit in such a contention. Ingram v. Evans et al., 227 Ala. 14, 148 So. 593; Peinhardt v. West et al., 212 Ala. 83, 101 So. 736; Code, Sections 1908, 1951 and 1887.

■ It is, of course, firmly established here, as well as elsewhere, that one seeking the extraordinary writ of mandamus must show a clear legal right to the order sought, and no other adequate remedy, and there must be an imperative duty upon the respondent to perform this duty. Likewise the jurisdiction of the court must be duly invoked by proper petition. State ex rel. Holcombe, Sheriff, v. Stone, County Treasurer, 232 Ala. 16, 166 So. 602; Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180; Woodward Iron Co. v. Dean, 217 Ala. 530, 117 So. 52, 60 A.L.R. 536; Ex parte Wright, 225 Ala. 220, 142 So. 672; Ex parte Jackson, 212 Ala. 496, 103 So. 558.

■ Nor are we unmindful of the fact that mandamus is not the proper remedy to try the right to a public office, the proper remedy in such cases being quo warranto. Ex parte Harris, 52 Ala. 87, 23 Am.Rep. 559; State ex rel. Mead v. Dunn, Minor 46, 12 Am.Dec. 25; High Ext. Rem., Sections 49-97; Goodwyn, Judge of Probate, v. Sherer, 145 Ala. 501, 40 So. 279.

■ However, in the present case there is no doubt of the petitioner's right to the office. So, then, we are dealing here with a de jure office, and with a de jure officer in possession of the same, one who has performed the duties of the office as the law directs.

The petitioner shows a clear right to his compensation. The clerk, whose duty it is to draw a warrant upon the city treasurer in payment of this officer's salary, has performed his duty in this regard, but the mayor has refused to perform his duty in regard thereto, viz., approve the warrant. This duty, as shown by this record, is purely ministerial. No sufficient excuse is

shown by the mayor for withholding his approval of this salary warrant. The petitioner has resorted to his proper remedy. Revenue & Road Commissioners of Mobile County v. State ex rel. Campbell, 163 Ala. 441, 50 So. 972; Reynolds v. Taylor, 43 Ala. 420; 38 C.J., p. 715–716, § 309.

It follows, therefore, that the court a quo committed no error in ordering the issuance of the mandamus as prayed, and the judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.