75 So.2d 608

Leonard A. COULTER et al.

v.

Elmer E. REESE et al.

4 Div. 768.

Supreme Court of Alabama.

Nov. 4, 1954.

Jas. H. Caldwell, Phenix City, for appellants.

Roy L. Smith, Phenix City, for appellees.

CLAYTON, Justice.

Appeal by complainants below from a judgment of the Circuit Court of Russell County sustaining demurrer of respondents to complainants' petition for writ of mandamus.

There is no disagreement as to the facts. The pivot of dispute on the law of the case may be summarized by the question: May a resident of a city which is operating under a commission form of government, as prescribed by Title 37, Sections 35–38 of the Code, invoke mandamus to require city commissioners, holding office under unexpired appointments by the Governor of Alabama, to call an election to fill these same offices for the alleged reason that the Governor did not have authority to make the appointments? The history of the laws which authorize a system of municipal government for Phenix City, and provide for a governing body therein, is recited in our recent case of State ex rel. Britton v. Harris, 259 Ala. 368, 67 So.2d 26. That case held that the Local Act of 1947, Local Acts of Alabama 1947, p. 137, et seq., which created a city commission composed of five members was unconstitutional, and as a result the then city commissioners were ousted from office. Prior to the adoption of said Local Act, Phenix City was governed by a commission of three members as provided by the General Law, § 2335 et seq., of the Code of 1923, now brought forward into the Code of 1940 as Title 37, § 35 et seq.

Upon the rendition of the judgment in the case of State ex rel. Britton v. Harris,

supra, the Governor of Alabama immediately appointed three members of the Board of Commissioners of the City of Phenix City, Alabama, and issued commissions to them as follows: To Seth J. Floyd for the unexpired term ending October 1, 1953; to A. L. Gullatt for the unexpired term ending October 1, 1954; and to Elmer E. Reese for the unexpired term ending October 1, 1955.

Thereafter, Leonard A. Coulter and James H. Caldwell did, on the 31st day of August, 1953, file with the City Clerk, their individual declarations as candidates for office as members of said Board of Commissioners, of said City of Phenix City, Alabama, for the alleged unexpired terms ending the first Monday in October, 1954, and the first Monday in October, 1955; and the said Seth J. Floyd and Elmer E. Reese and A. L. Gullatt, members of the Board of Commissioners of the City of Phenix City, Alabama, failed and refused to call an election to fill said alleged vacancies on said Board of Commissioners of said city. The complainants then instituted the present proceeding by filing petition in the circuit court praying for a writ requiring said City Commissioners and City Clerk of said city forthwith to give notice of an election to be held to fill the alleged unexpired terms ending the first Monday in October, 1954, and the first Monday in October, 1955, and to print or cause to be printed the names of James H. Caldwell and Leonard A. Coulter as candidates for said offices as declared for by them on ballots to be used therein.

Thereupon, the respondents filed a demurrer to the petition, which said demurrer was sustained and the case dismissed by the trial court, and the plaintiffs took an appeal to this court from said adverse ruling.

The purpose of the petition is to have the present City Commission call an election to fill two alleged vacancies on the Board of Commissioners of said city for terms of office expiring October 1, 1954, and October 1, 1955, respectively. It is admitted that Elmer E. Reese and A. L. Gullatt hold commissions from the Governor of the State of Alabama purporting to entitle them to hold said offices until the expiration of the afore-

said terms; the allegations of the petition being that the Governor acted without authority to appoint these two men for these two unexpired terms.

It is alleged in the bill that the Governor of the State of Alabama did not have the authority to issue the commissions and make the appointments of the said Elmer E. Reese and A. L. Gullatt, and on the contrary that Section 87 of Title 37 of the Code of Alabama of 1940, required that the Governor appoint one member of said commission, who in turn should call an election to be held within twenty days thereafter to elect two members to the positions held by Gullatt and Reese, and that the Governor did not have the authority to act under Section 177 of Title 41 of the Code of Alabama of 1940.

Section 177, Title 41, Code of 1940, by authority of which the Governor made appointments and issued commissions to appellees, is as follows:

"§ 177. Vacancies in state, county and municipal office filled by governor. —Whenever any office of the state, of any county, or municipality thereof, is vacant from any cause, and there is no way provided by law for the filling of such vacant office, the governor shall appoint a qualified person to fill the unexpired term of such office."

Argument of appellants is that Section 87, Title 37, Code of 1940, is the applicable statute under which the Governor should have appointed one commissioner only, after which that one appointee should have called an election to fill the other two vacancies on the Board of City Commissioners. That statute is as follows:

"§ 87. In case of two vacancies, election called.—Should a vacancy exist simultaneously from any cause hereinbefore provided for in two commissionerships, so as to leave no quorum of said board to fill same, an election to fill said vacancies shall be called by the remaining commissioner, to be held not less than twenty nor more than thirty days from the occurrence of the second vacancy. Notice of said elec-

tion and of the time of holding same shall be given by one publication at least fifteen days in advance of same in one or more newspapers in said city at the expense of said city.' The commissioners chosen at said election shall qualify as speedily as possible thereafter."

Assume for the purpose of argument that appellants' theory is correct, and that the Governor should have appointed only one commissioner. By what reasoning do appellants arrive at the conclusion that of the three appointees, Seth J. Floyd was the lawfully appointed one and that Reese and Gullatt were appointed without authority of law? Probably Floyd was chosen to be designated by appellants as the lawfully appointed commissioner for the reason that his term was the first of the three to expire, but we are cited to no authority to support such designation. Why not, with equal logic, or lack thereof, choose Reese as the lawfully appointed commissioner for the reason that his appointed term extends for the longest period of time? Finally, if the appointments of Reese and Gullatt were void, why do appellants seek to have them call an election to fill the alleged vacancies? Under their theory of the case, would it not have been logical to have addressed their request for an election to the one commissioner designated as lawfully appointed, asking that he alone call an election under the provisions of Section 87, Title 37 of the Code?

While the foregoing questions arise, as we attempt to analyze appellants' position in the case, answers to them are unnecessary in view of the fact that a decision in the case is rested upon another consideration. Argument of appellants is that actions necessary to the calling of an election by appellees is only a ministerial duty and, therefore, a proper subject for the writ of mandamus. Beasley v. McCorkle, 237 Ala. 4, 184 So. 904. But appellants by their own acts, in seeking that an election be called by appellees, admit that appellees are presently holding the offices from which appellants seek to oust them. And, under the allegations of appellants' petition, appellees

Reese and Gullatt are at least de facto city commissioners appointed for terms to extend beyond the time of beginning of the terms proposed for their successors sought to be elected at the election proposed by the petition of appellants.

"* * * a municipal officer de facto is one who exercises the duties of an office under color of an appointment or election to that office, * * *." 62 C.J.S., Municipal Corporations, § 493, page 932; Rainwater v. State ex rel. Strickland, 237 Ala. 482, 187 So. 484, 121 A.L.R. 981.

In the light of what has been said above, the conclusion is inescapable that the present proceeding is designed to put out of office, before the expiration of their appointed terms, two city commissioners who are presently actively serving as such by virtue of an appointment made by the Governor of Alabama. In truth, that is the first purpose of the petition. Whether their elected successors could have assumed office lawfully, in the event that an election had been called voluntarily by the present commissioners, is not a question before us. That was the situation in the Rainwater case, supra. The right of the present commissioners to continue to hold office for the remainder of their appointed terms is challenged by this proceeding. Demurrer to the petition raised the point that this cannot be done in a collateral proceeding of mandamus, but must be done in a direct attack by quo warranto. Authorities on this subject are:

"* * * In the absence of any remedy prescribed by law, the right to a municipal office may be determined only by quo warranto, or an information in the nature thereof. * * *" 62 C.J. S., Municipal Corporations, § 468, page 903.

"It is a generally recognized doctrine that the right of a municipal incumbent to hold an office, or the validity of his title, may not be attacked collaterally, although he is only an officer de facto. * * *" 62 C.J.S., Municipal Corporations, § 468, page 904.

"In the absence of constitutional or statutory regulations providing otherwise, quo warranto proceedings are the only proper remedy in cases in which they are available. Thus quo warranto, or a proceeding in the nature thereof, is the sole and exclusive remedy and method by which various matters may be tried and determined, as, for example, the right and title to office, whether such office is a public * * *." 74 C.J.S., Quo Warranto, § 4, pages 179, 180.

"There are other legal and equitable remedies which have much in common with quo warranto, yet do not serve the same purpose. The generally accepted and recognized rule is that in the absence of statutory provision to the contrary, quo warranto proceedings are the only proper remedy in cases in which they are available. Thus, they are held to be the exclusive method of determining the right to hold and exercise a public office * * *." 44 Am.Jur. § 8, p. 94; McSween v. State Live Stock Sanitary Board of Florida, 97 Fla. 749, 122 So. 239, 65 A.L.R. 508, 517–518.

"Quo warranto was a very ancient prerogative writ directed against him who usurped an office or franchise to inquire by what authority he exercised such franchise, etc. 51 C.J. 309, § 2.

"This writ was early succeeded by an information in the nature of quo warranto, likewise prerogative, in character, and having the same objectives. 51 C.J. 310, § 3.

"Our statute, of long standing, is modeled upon this common law proceeding, * * *." Birmingham Bar Ass'n v. Phillips & Marsh, 239 Ala. 650, 657, 196 So. 725, 731, 732.

Our statutes on the subject of quo warranto are Sections 1133 to 1155, Title 7 of the Code of 1940.

Further authorities are quoted:

"The petition also further alleges in substance that the Board of Education did not have a legal quorum at its meeting of September 8, 1942, when the contract with Lloyd Pelham was authorized, because C. M. Segrest, a member of the Board, was at the same time a member of the Senate of the State of Alabama, § 280, Constitution of Alabama, 1901. This allegation adds no strength to the petition. Among other reasons, the right of the member of the Board to act cannot be assailed in this proceeding. Quo warranto or statutory contest was the proper method of attack. Casey v. Bryce, 173 Ala. 129, 55 So. 810; Little v. City of Bessemer, 138 Ala. 127, 35 So. 64." Hodges v. Board of Education of Geneva County, 245 Ala. 64, 67, 16 So.2d 97, 99.

"Nor are we unmindful of the fact that mandamus is not the proper remedy to try the right to a public office, the proper remedy in such cases being quo warranto. Ex parte Harris, 52 Ala. 87, 23 Am.Rep. 559; State ex rel. Mead v. Dunn, Minor 46, 12 Am.Dec. 25; High Ext.Rem., Sections 49–97; Goodwyn, Judge of Probate, v. Sherer, 145 Ala. 501, 40 So. 279." Beasley v. McCorkle, 237 Ala. 4, 6, 184 So. 904, 906.

The above quoted authorities fully support the action of the trial court in sustaining the demurrer of appellees. The judgment is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., SIMPSON and STAKELY, JJ., concur.