324 So.2d 274

**Mrs. Bernice Henson SCHELL**

v.

**Tom W. TURNER, as Probate Judge and as Chairman of the Washington County Commission, et al.**

**Civ. 604.**

Court of Civil Appeals of Alabama.

Dec. 17, 1975.

Sidney H. Schell, Mobile, for appellant.

Dennis Porter, Chatom, for appellees.

BRADLEY, Judge.

This is an appeal from the denial of a writ of mandamus for salary directed to the County Commissioners of Washington County, Alabama, the appellees here. This case being an action at law for an amount less than $10,000, the Court of Civil Appeals is granted exclusive appellate jurisdiction under Title 13, Section 111(3), Code of Alabama 1940.

Appellant initiated this case by petitioning for mandamus in the Circuit Court of Washington County on September 10, 1974. The petition alleged that since June 1974 appellees had wrongfully withheld appellant's salary for the office of Supernumerary Tax Assessor, and demanded that appellees be ordered to show cause why they should not be required to pay this salary. Plaintiff's usual monthly salary had been approximately $416.66 and had a statutory maximum of $5,000 per year. Appellees filed their answer on October 14, 1974, denying appellant's eligibility to hold the office, and counterclaiming for $3,750.02 in back salary already collected by appellant. On March 31, 1975 the evidence was submitted to the court on stipulation. On May 8, 1975 the trial court issued its order denying mandamus on the ground of appellant's ineligibility for the office, and also denying appellee's counterclaim. Appellant filed notice of appeal on June 5, 1975. There is no cross-appeal.

The stipulated evidence reveals the following:

Appellee was sixty-three years old as of October 19, 1973. On January 27, 1970, after more than twenty years of consecutive service as chief clerk to the County Tax Assessor, she took the oath and assumed the duties of Tax Assessor for Washington County. Petitioner never held any other countywide office. On October 19, 1973 the Governor issued appellant a commission as Supernumerary Tax Assessor, an office created by Act No. 755 of the 1967 Regular Session of the Alabama Legislature, and amended by Act No. 935 of the 1973 Regular Session.

Between October 1973 and June 1974 appellees paid appellant $3,750.02 for her services in the office. The monthly salary was stopped by the County Commissioners after the June 1974 payment, in reliance on an advisory opinion of the Attorney General to the effect that appellant was ineligible to hold the office. This opin-

ion was rendered on July 5, 1974, pursuant to an audit of the Washington County Tax Assessor conducted by the Examiners of Public Accounts.

The discontinuation of salary prompted appellant to file her petition for mandamus.

■ We must first decide whether or not appellees appropriately raised the issue of appellant's eligibility. There are numerous cases which state that right to office should not be tried in a collateral action, but can only be tested by quo warranto, *Ex parte Register,* 257 Ala. 408, 60 So.2d 41; *Goodwyn v. Sherer,* 145 Ala. 501, 40 So. 279; *Taylor v. Kolb,* 100 Ala. 603, 13 So. 779; *State ex rel. Harmon v. Hamil,* 97 Ala. 107, 11 So. 892; *Ex parte Harris,* 52 Ala. 87; *Hill v. State,* 1 Ala. 559; *Coe v. City of Dothan,* 19 Ala.App. 33, 94 So. 186. A careful reading of those authorities indicates that the principle espoused applies to the situation in which one of two rivals seeks to test a claim to office between them by mandamus addressed to a third party. In the present case there are no rivals engaging in a dispute which the mandamus would collaterally adjudicate. Eligibility here bears solely on the issue of appellant's unilateral right to relief, *Beasley v. McCorkle,* 237 Ala. 4, 184 So. 904. By bringing this action appellant herself has placed her clear right to office in dispute, and appellee's answer is a proper direct challenge, not a collateral attack, *Goodwyn v. Sherer, supra.* Eligibility is legitimate defensive matter.

A related problem is whether or not the Governor's commission appointing appellant to office is conclusive evidence of her eligibility. It has been held that certification of election results by a responsible authority confers a prima facie right to office which cannot be questioned in a collateral action, *Day v. Andrews,* 279 Ala. 563, 188 So.2d 523; *Casey v. Bryce,* 173 Ala. 129, 55 So. 810; *Moulton v. Reid,* 54 Ala. 320; *Ex parte Harris, supra.*

■■ As we have discussed, the present action is a direct, not a collateral, challenge to petitioner's right to her claimed office. However, even if this were not so, the facts of the instant case fall within a well-marked exception to the general rule regarding conclusiveness of certificates. A recital of the time of nomination appearing on the face of a certifying document is significant and must be viewed in light of relevant statutes; and if it plainly appears that the nomination is contrary to mandatory provisions of those statutes, the certificate is not conclusive, *Kinney v. House,* 243 Ala. 393, 10 So.2d 167. Such a recital cannot be rejected as surplusage, and where the recital discloses that the facts upon which an appointment must be based are untrue, the certificate destroys itself, is void, without force, and is not prima facie title to office, *Plowman v. Thornton,* 52 Ala. 559.

We come now to the merits of appellant's cause of action. There is no conflict in the evidence: the sole issue is whether or not the trial court was correct in finding that under Act 935, Regular Session of 1973, appellant was ineligible to hold the office in question. We hold that the trial court's decision was correct.

Appellant's qualifications for office are determined by part (b) of Act 935, which requires that a general fifteen year period of service in countywide office and a specific ten year period as Tax Assessor both be fulfilled as a condition precedent to appointment as Supernumerary Tax Assessor. Appellant claims that the statute is ambiguous as to whether or not it allows credit for service as chief clerk in meeting the ten year requirement, and argues that the courts must defer to the construction in favor of appellant which was placed on the statute by the Governor. We disagree.

■ There is no ambiguity in this statute which needs resolution. The three offices to which the ten year requirement

applies are specified by their proper title and are nowhere in subsection (b) referred to by the word "official." On the other hand, the countywide position to which the fifteen year qualification applies is consistently referred to as an "official." The meaning of the words in this statute are plain and obvious and an improbable or different meaning will not be imposed by construction. *Department of Indus. Relations v. Little Mfg. Co.*, 253 Ala. 416, 44 So.2d 587.

Thus, a thorough reading of the text of Act 935 shows that the words "such official" used in the final sentence of the part (b) are identical in meaning to the words "county official for any county of Alabama" in which any applicant must generally serve fifteen years. The words in question do not refer to the office of Tax Assessor in which an applicant must specifically serve ten years. The statute allows appellant credit for her years of service as chief clerk in filling the general fifteen year requirement, but not the specific one of ten years. Appellant is ineligible for appointment as Supernumerary Tax Assessor because she did not serve the necessary ten years as County Tax Assessor.

There being no error below, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.